Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.383.2997
Facsimile: 619.235.0398

William A. Di Blanca (*Pro Hac Vice* forthcoming)
E-mail: bdiblanca@polsinelli.com
Jordan T. Riviello (*Pro Hac Vice* forthcoming)
E-mail: jriviello@polsinelli.com
POLSINELLI
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: 212.684.0199

Attorneys for Plaintiffs
HYPER ICE, INC. and
DATAFEEL, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC. and DATAFEEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THERABODY, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs Hyper Ice, Inc. ("Hyperice") and DataFeel, Inc. ("DataFeel") (collectively "Plaintiffs") allege as follows for this Complaint for Patent Infringement ("Complaint") against Defendant Therabody, Inc. ("Defendant" or "Therabody"):

## THE PARTIES

1.      Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618. DataFeel is a Delaware corporation with offices located at 1629 K Street NW, Suite 300, Washington, DC 20006.

2.      Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1640 S. Sepulveda Blvd., Suite 300, Los Angeles, CA 90025.

3.      Defendant sells the products at issue in this litigation, via its website, Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Plaintiffs against Defendant for Defendant's infringement of U.S. Patent No. 12,702,357 ("the '357 Patent").

5.      This Court has subject matter jurisdiction over Plaintiffs' claim asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District.  On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State.

2
COMPLAINT FOR PATENT INFRINGEMENT

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

8. The '357 Patent is entitled "Communication Devices, Systems and Methods" and issued on August 11, 2026, claiming priority to Application No. 19/265,513, filed on July 10, 2025, and to, *inter alia*, Provisional Application No. 62/575,951, filed on October 23, 2017. A true and correct copy of the '357 Patent is attached hereto as Exhibit 1.

9. Matthew Robert Leaper is the named inventor of the inventions disclosed in the '357 Patent. DataFeel is the assignee of the '357 Patent, and Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '357 Patent.

10. This action arises out of Defendant's direct infringement of the '357 Patent.

11. Defendant offers for sale and/or sells products that infringe the '357 Patent, including but not limited to the Therabody JetBoots PRO Plus ("the '357 Accused Products"). Attached as Exhibit 2 is a claim chart for the '357 Accused Products.

12. Plaintiffs are informed and believe, and thereon allege, that by no later than the date of this Complaint, Defendant knew of the '357 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '357 Patent.

## COUNT 1 - PATENT INFRINGEMENT

13. Plaintiffs incorporate by reference the allegations in Paragraphs 1–12 above.

14. Defendant has infringed and continues to infringe the '357 Patent under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq.* Defendant offers for

sale and/or sells the '357 Accused Products.

15.    Defendant infringes at least Claim 1 of the '357 Patent.  The Accused Products are devices that include the following claim limitations.  Plaintiffs believe that the '357 Accused Products literally meet the following claim limitations.  If any of the limitations are not literally met, the '357 Accused Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing products are insubstantially different from the claimed limitation:

A device, comprising:

a.    a wearable body arranged to wrap around a lower limb of a user when worn, the wearable body comprising a processing unit, a power source, and a plurality of energy generator elements;

b.    the plurality of energy generator elements being independently operable to convert electricity from the power source into a plurality of different energy types and to transmit the plurality of different energy types towards skin of the lower limb; and

c.    the wearable body being operable to maintain the plurality of energy generator elements on or adjacent the skin when the wearable body is wrapped around the lower limb, wherein the plurality of energy generator elements comprises: a first energy generator element at least partially surrounded by the wearable body and configured to convert the electricity from the power source into a pressure force; and a second energy generator element at least partially surrounded by the wearable body and configured to convert the electricity from the power source into a movement physically recognizable by the skin.

4

COMPLAINT FOR PATENT INFRINGEMENT

CASE NO.

16.   Defendant's infringement of the '357 Patent has caused, and will continue to cause, significant damage to Plaintiffs.  As a result, Plaintiffs are entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.  Plaintiffs are also entitled to recover prejudgment interest, post-judgment interest, and costs.

17.   As a result of Defendant's infringement of the '357 Patent, Plaintiffs have suffered irreparable harm and impairment of the value of their patent rights, and Plaintiffs will continue to suffer irreparable harm and impairment of the value of their patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '357 Patent under 35 U.S.C. § 283. Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against Defendant.

18.   Defendant's infringement of the '357 Patent has been and continues to be willful.  As noted above, Defendant has had knowledge of the '357 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '357 Patent.  Nevertheless, Defendant continues to infringe the '357 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. § 284, entitling Plaintiffs to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.   That this Court enter judgment of infringement of the '357 Patent in favor of Plaintiffs and against Defendant;

2.   That this Court enter judgment that Defendant has willfully infringed the '357 Patent;

3.   That this Court enter a permanent injunction against Defendant from infringing the '357 Patent;

4.   That this Court award Plaintiffs compensatory damages for infringement of the '357 Patent, as well as interest thereon;

COMPLAINT FOR PATENT INFRINGEMENT

CASE NO.

5. That this Court award Plaintiffs their costs of suit;

6. That this Court award Plaintiffs increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '357 Patent, in accordance with 35 U.S.C. § 284.

7. That this Court declare this an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their attorneys' fees and any other costs incurred in connection with this action;

8. That this Court award Plaintiffs prejudgment and post-judgment interest; and

9. That this Court grant such further relief as the Court deems just and proper.

DATED: August 11, 2026                 PROCOPIO, CORY, HARGREAVES &
                                       SAVITCH LLP


                                       By:  */s/Benjamin Herbert*
                                            Benjamin Herbert

                                       POLSINELLI
                                       William A. Di Blanca
                                       Jordan T. Riviello

                                       Attorneys for Plaintiffs
                                       HYPER ICE, INC. and DATAFEEL, INC.

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.